MATTER OF KIM

In Visa Petition Proceedings

A-17276790

*Decided by Regional Commissioner July 18, 1967*

Since the phrase "exceptional ability in the sciences or arts" contained in section 203(a)(3) of the Immigration and Nationality Act, as amended, contemplates a broader field of activity, knowledge and ability than that encompassed by the phrase "of distinguished merit and ability" contained in section 101(a)(15)(H)(i), beneficiary does not automatically qualify for preference classification under section 203(a)(3), as a singer, solely by virtue of having been accorded classification under section 101(a)(15)(H)(i) of the Act, as a person of distinguished merit and ability in the entertainment field.

ON BEHALF OF PETITIONER: Hiram W. Kwan, Esquire
1011 North Broadway, Suite 203
Los Angeles, California

This case comes forward on appeal from the decision of the District Director, Los Angeles, who denied the petition on May 3, 1967, in that it had not been satisfactorily established that the petitioner had "exceptional ability in the sciences or arts" to the degree contemplated by the statute to qualify for 3rd preference classification.

Oral argument was requested and granted. Counsel appeared on date scheduled and requested additional time to obtain more evidence. The additional evidence has been submitted.

Petitioner is a married female, 29 years of age, a native and citizen of Korea residing in Los Angeles. She was temporarily admitted to the United States at Honolulu on October 12, 1963 as a nonimmigrant of distinguished merit and ability under section 101(a)(15)(H)(i) of the Immigration and Nationality Act, destined to the Desert Inn, Las Vegas, Nevada. She was subsequently the beneficiary of a second petition for the same classification approved October 15, 1964, for temporary performance at the Stardust Hotel in Las Vegas, and granted an extension of stay to July 28, 1965. Her husband is also in the United States in a temporary status as a representative of a foreign news media.

She seeks classification as a preference immigrant under section 203 (a) (3) of the Act, based upon her ability as a singer. The Department of Labor certification required by section 212(a) (14) of the Act has been issued.

Section 203(a)(3) of the Act, provides for the issuance of visas "to qualified immigrants who are members of the professions, or who because of their exceptional ability in the sciences or the arts will substantially benefit prospectively the national economy, cultural interests, or welfare of the United States".

Section 101(a) (32) of the Immigration and Nationality Act, as amended, defines "profession" as including but not being limited to architects, engineers, lawyers, physicians, surgeons, and teachers in elementary or secondary schools, colleges, academies, or seminaries. Although the definition contained in section 101(a) (32) is intended to serve only as a guide, examination of the occupations listed indicates a common characteristic. A pre-requisite for recognition of professional status in those fields is normally the attainment of at least an undergraduate degree, and in some instances, a degree beyond the undergraduate level. *Matter of Shin*, Int. Dec. No. 1606.

The beneficiary claims to have attended Ewah University, Seoul, Korea, from 1956 to 1959 studying vocal training and indicates that no degree or certificate was earned for this course of study. On appeal counsel presented a letter under the letterhead "Seoul High School of Music and Art" dated May 1, 1967, stating that petitioner "graduated from this school on February 27, 1956". No other evidences of academic qualifications or higher education has been presented. Consequently, it has not been established that the beneficiary is eligible for preference classification by reason of high education. She cannot be considered as a member of the professions within the statutory definition of that term.

Counsel on appeal argues that the petitioner is a singer by occupation and singing is her profession. However, "profession" is a defined term and the beneficiary's occupation does not fall within that definition.

We must now determine whether the petitioner can be considered eligible for 3rd preference classification as a person of exceptional ability in the sciences or arts.

Title 8 CFR, Part 204.2(f), prescribes the type of evidence required to establish exceptional ability within the meaning of section 203(a) (3) of the Act. If the alien alleges eligibility on a claim of exceptional ability in the sciences or the arts, documentary evidence must be submitted. Such evidence may attest to the universal acclaim and either national or international recognition accorded the alien; that he has received national or international recognized prizes or awards in com-

petition awarded for excellence for a specific product or performance, or outstanding achievement, or that he is a member of a national or international association which maintains standards of membership recognizing outstanding achievement as judged by national or international recognized experts in a specific discipline or field of endeavor. Affidavit attesting to an alien's exceptional ability must set forth the name and address of the affiant, state how he has acquired his knowledge of the alien's qualifications, and describe in detail the facts on which the affiant bases his assessment of the alien's superior qualifications.

Letters attesting to her ability have been submitted by the Korean Music Association of Southern California, and by the Consul General of the Republic of Korea in Los Angeles. Also, numerous uncertified copies of newspaper and/or magazine clippings concerning appearances from 1960 to 1963. The majority are from Korean and Japanese publications. Most have only partial translations or penned notations as to the text, while many are mute as to their content. Most of these clippings are ordinary publicity type articles and cannot be considered to be critical reviews by experts in the beneficiary's field of endeavor as to the quality of the beneficiary's performance in the singing field. Nowhere is there any evidence that the beneficiary has performed or sung in an individual performance or act. All the evidence relates to the beneficiary and her partner singing as a team. Nowhere in the publicity items is there any specific mention made of the beneficiary as to her individual ability as a performer. There is no evidence that she has ever starred or played a leading role. She has not been featured by name or acknowledged as eminent by recognized critics or experts in the field of entertainment. She has appeared at some of the more prominent places of entertainment and nightclubs in Las Vegas and New York, but never as the star feature or attraction, and never mentioned individually by name, only as a supporting act with her singing partner. Whether or not a person possesses exceptional ability must rest, as a general rule, upon the opinions of persons who are qualified experts in the field in which the exceptional ability is claimed (5 I. & N. Dec. 454). In support of appeal, counsel has presented an affidavit executed by the entertainment director of the agency which has the beneficiary under contract, in which he describes the beneficiary as having "exceptional ability in the science and art of singing", and that the act in which beneficiary performs has been presented at the Stardust Hotel in Las Vegas, in 1966.

The evidence submitted does not satisfy the evidentiary requirements previously set forth. The writers of the letters submitted, although several are engaged in the field of music, have not set forth their qualifications to judge the ability of the beneficiary and conse-

quently their opinions cannot be accepted as opinions by qualified critics. "Exceptional ability" must be demonstrated through accomplishment in the individual's chosen field of endeavor. The individual must have attained a status in his field wherein he is recognized by his contemporaries as possessing exceptional ability. The term "exceptional ability" as used in section 203(a)(3) of the Act, contemplates something more than what is usual, ordinary, or common and requires some rare or unusual talent, or unique or extraordinary ability in a calling which, of itself, requires talent or skill. The evidence fails to establish that the beneficiary is pre-eminent in her field of endeavor. She falls short of establishing that she has attained the eminent stature and reputation contemplated by the statute. The recognition which she has received has been as a member of a performing team, a singing duet, and not for individual performance.

Counsel argues that the Service having once found the beneficiary qualified for status under section 101(a)(15)(H)(i) of the Act, as a person of distinguished merit and ability in the entertainment field, she is qualified for the 3rd preference classification she now seeks. We cannot agree. Each type of case must be considered on its own individual merits, characteristics, and qualifications.

The beneficiary's admission in "H–i" status, as of distinguished merit and ability, was granted on her performance as a team member of a duet and that combined performance of the two singers was considered by the Service as qualifying the beneficiary for "H–i" status. This does not, however, automatically qualify the beneficiaries for 3rd preference classification as persons of exceptional ability in the sciences or arts. It is noted that counsel advised that the beneficiary's singing partner has been denied 3rd preference classification in another District.

"Exceptional ability in the sciences or arts", as found in section 203 (a)(3) of the Act, contemplates a broader field of activity, knowledge, and ability than the wording of section 101(a)(15)(H)(i), "who is of distinguished merit and ability" coming temporarily to perform temporary services requiring such merit and ability. Section 203(a) (3) encompasses exceptional ability in the field of the sciences or arts such as a painter, sculptor, writer, prominent in his field while "H–i" could be confined to a specific, limited act or ability which is a limited part of the whole field.

Considering all the circumstances as described above, it must be found that the decision of the District Director was proper. It has not been satisfactorily established that the beneficiary is qualified for 3rd preference classification as a person of exceptional ability in the sciences or arts. The appeal will be dismissed.

ORDER: It is ordered that the appeal be dismissed.